EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Milagros Suárez Morales<br><br>    Recurrida<br><br>              v.<br><br>Estado Libre Asociado de Puerto Rico y Otros<br><br>    Peticionario | Certiorari<br><br>2004 TSPR 84<br><br>161 DPR \_\_\_\_ |

Número del Caso: CC-2004-113

Fecha: 28 de mayo de 2004

Tribunal de Circuito de Apelaciones:

                Región Judicial de Aguadilla

Juez Ponente:

                Hon. Jocelyn López Vilanova

Oficina del Procurador General:

                Lcdo. José A. Caballero López
                Procurador General Auxiliar


Abogados de la Parte Recurrida:

                Lcdo. Gerardo Méndez Ponce
                Lcdo. Roberto Rafols Dávila

Materia: Impugnación de Confiscación




Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Milagros Suárez Morales

  Recurrida

    v.

             CC-2004-113   Certiorari

Estado Libre Asociado de
Puerto Rico y Otros

  Peticionario

PER CURIAM
(Regla 50)

San Juan, Puerto Rico, a 28 de mayo de 2004.

Debemos examinar la aplicación de la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia en el proceso civil de confiscación cuando los cargos por comisión de delitos fueron desestimados por incumplimiento con los términos de juicio rápido según dispuestos en la Regla 64(n)(5) de Procedimiento Criminal,[1] y han transcurrido cerca de dos (2) años y medio desde la desestimación de los cargos sin que se hayan presentado nuevas denuncias. Luego de

---

[1] 34 L.P.R.A. Ap. II, R. 64(n)(5).

estudiar el historial legislativo de la Ley Uniforme de Confiscaciones,[2] resolvemos que, conforme a las circunstancias particulares del caso de marras, procede declarar con lugar la demanda de impugnación de confiscación al amparo de la referida doctrina.

I

En septiembre de 2001, mientras se diligenciaba una orden de allanamiento en la residencia de la Sra. Milagros Suárez Morales, la Policía de Puerto Rico ocupó y confiscó la cantidad de $9,521 por razón de que alegadamente dicho dinero fue utilizado con relación a la violación del Artículo 412 de la Ley de Sustancias Controladas[3] e infracción al Artículo 5.01 de la Ley de Armas de Puerto Rico.[4] Dicha confiscación fue notificada a la señora Suárez Morales quien impugnó la misma oportunamente.

Por los mismos hechos relacionados con este allanamiento, Suárez Morales fue denunciada criminalmente por infracción a la Ley de Sustancias Controladas, *supra*, y a la Ley de Armas de Puerto Rico, *supra*. Así las cosas, el día señalado para la celebración de la vista de determinación de causa probable para acusar, en noviembre de 2001, el Tribunal de Primera Instancia desestimó las

---

[2] Ley Núm. 93 de 13 de junio de 1988, según enmendada, 34 L.P.R.A. secs. 1723 *et seq*.

[3] Ley Núm. 4 de 23 de junio de 1971, según enmendada, 24 L.P.R.A. sec. 2411b, sobre parafernalia relacionada con sustancias controladas.

[4] Ley Núm. 404 de 11 de septiembre de 2000, 25 L.P.R.A. sec. 459.

referidas denuncias por incumplimiento con el derecho a juicio rápido, conforme éste está delimitado en la Regla 64(n)(5) de Procedimiento Criminal.[5] El Ministerio Público no recurrió en alzada y de los autos no surge que, desde la desestimación de los cargos hasta la fecha –aproximadamente dos (2) años y medio-, se hayan presentado denuncias nuevamente según lo dispone la Regla 67 de Procedimiento Criminal.[6]

En virtud de la desestimación de la denuncia criminal, la señora Suárez Morales presentó una moción de sentencia sumaria en el pleito de confiscación mediante la cual alegó que la desestimación de los cargos criminales por incumplimiento con los términos de juicio rápido constituye impedimento colateral por sentencia para la acción civil de confiscación.

Visto lo anterior, el Tribunal de Primera Instancia declaró con lugar la demanda de impugnación en julio de 2003. Inconforme, el Procurador General acudió ante el Tribunal de Apelaciones. Alegó que la doctrina de cosa juzgada en su modalidad de impedimento colateral por

---

[5] La regla 64(n)(5) dispone la desestimación de la denuncia cuando la persona ha estado sumariada "por un total de treinta (30) días después de su arresto sin que se le hubiese celebrado la vista preliminar en los casos en que deba celebrarse". 34 L.P.R.A. Ap. II, R. 64(n)(5).

[6] Esta regla dispone que la desestimación del proceso criminal no es impedimento para que se inicie otro proceso por el mismo delito, a menos que el defecto por el cual se desestimó sea insubsanable o que la desestimación haya sido por violación a los términos de juicio rápido en casos de delitos menos graves. 34 L.P.R.A. Ap. II, R. 67.

sentencia no era aplicable a los hechos del caso de autos porque para la fecha en que éstos ocurrieron la Ley Uniforme de Confiscaciones, *supra*, disponía expresamente que el resultado de la acción penal no tendría efecto de cosa juzgada en la acción civil de confiscación. Según el Procurador General, el tribunal de instancia erró al darle aplicación retroactiva a la Ley Núm. 18 de 1ro de enero de 2003 que enmendó la Ley Uniforme de Confiscaciones, *supra*, para restablecer la aplicación de dicha doctrina a los procedimientos de confiscación.

El Tribunal de Apelaciones confirmó la determinación del Tribunal de Primera Instancia. De este dictamen el Procurador General acudió ante nos. Sostiene que la referida enmienda a la Ley Uniforme de Confiscaciones, *supra*, no tiene efecto retroactivo y que, aún de resolverse lo contrario, no procede aplicar la doctrina de impedimento colateral por sentencia al caso de autos porque la desestimación de los cargos criminales por juicio rápido no es final y firme ya que el Ministerio Público podría volver a presentar denuncias conforme a la Regla 67 de Procedimiento Criminal, *supra*. Vista su solicitud de *certiorari*, procedemos a resolver la controversia planteada sin trámite ulterior a tenor con la Regla 50 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXII-A.

La controversia primaria en este caso es determinar si procede aplicar la doctrina de impedimento colateral por sentencia cuando los cargos criminales que dieron origen al

proceso de confiscación son desestimados por violación al derecho a juicio rápido. No obstante, previo a esto es pertinente que estudiemos el historial legislativo de la Ley Uniforme de Confiscaciones, *supra*, con respeto a la disponibilidad de la referida doctrina en procesos de confiscaciones. Veamos.

## II

### A

La confiscación es el acto de ocupación que lleva a cabo el Estado de todo derecho de propiedad sobre cualesquiera bienes que hayan sido utilizados en relación con la comisión de ciertos delitos. Del Toro Lugo v. E.L.A., 136 D.P.R. 973, 980-981 (1994). La facultad del Estado de apropiarse de bienes relacionados con la actividad delictiva puede concretarse como parte del proceso criminal que se lleva en contra del propietario o poseedor de la propiedad confiscada así como también por medio de una acción civil contra la cosa u objeto mismo. *Id.*, a la pág. 981. La primera se conoce como *confiscación criminal*, la cual se realiza como parte de la acción *in personam* contra un imputado en un caso criminal y se impone la confiscación como *una pena adicional*. *Id.*, a las págs. 981-2. La confiscación criminal forma parte integral del procedimiento penal contra el propietario de la cosa a ser incautada, y la convicción de éste es, precisamente, el fundamento que origina la confiscación. *Id.*, a la pág. 982.

La *confiscación civil*, por su parte, es una acción *in rem*, en la cual se imputa la utilización de la propiedad confiscada en la comisión de un delito. *Id.* Se trata de una ficción jurídica mediante la cual —en cierta medida— se culpa a la propia cosa por su participación en el delito. El derecho del Estado de tomar posesión de la cosa surge del mal uso que se le haya dado a ésta. Los elementos pertinentes a la determinación de si procede una confiscación civil son la existencia de: (1) prueba suficiente y preponderante de que se ha cometido un delito y (2) un nexo entre la comisión del delito y la propiedad confiscada. *Id.*, a la pág. 983. La confiscación civil constituye una acción independiente del resultado de la acción penal que el Estado puede incoar por el mismo delito contra un sospechoso en particular, de haber alguno. *Id.*, a la pág. 982.

En Puerto Rico, la Ley Uniforme de Confiscaciones, *supra*, dispone la incautación a favor del Estado Libre Asociado de Puerto Rico de toda propiedad que sea utilizada en relación con, o sea el producto o resultado de, la comisión de delitos tipificados en el Código Penal de Puerto Rico, en la Ley de Sustancias Controladas, Ley de Armas y Explosivos, leyes de crimen organizado, entre varias otras leyes especiales. 34 L.P.R.A. sec. 1723. En la misma se establece un procedimiento de naturaleza civil para efectuar la confiscación y la correspondiente acción de impugnación. 34 L.P.R.A. secs. 1723a, b, y f. La ley

expresamente dispone que las cuestiones que se susciten, así como la celebración de los procedimientos, deberán tramitarse conforme las Reglas de Procedimiento Civil. 34 L.P.R.A. sec. 1723f. Se establece, además, la Junta de Confiscaciones que está encargada de administrar y regular el uso y disposición de la propiedad confiscada. 34 L.P.R.A. secs. 1723m *et seq*.

El propósito de la Ley Uniforme de Confiscaciones de 1988, *supra*, fue actualizar la Ley Uniforme de Confiscaciones de Vehículos, Bestias y Embarcaciones de 1960 y ampliar la autoridad del Pueblo de Puerto Rico para confiscar la propiedad que sea utilizada con fines ilegales. Leyes de Puerto Rico, 1988, pág. 409. Asimismo, se expresó en la Exposición de Motivos que:

> La confiscación de los bienes que propician la comisión de un delito puede ser un elemento disuasivo para el delincuente que por temor a exponerse al peligro de perder su propiedad limita su actividad delictiva o no le resulta tan fácil su realización. Además, es de justicia que la sociedad que ha sido perjudicada por las acciones delictivas pueda obtener algún beneficio mediante la confiscación de la propiedad utilizada en la comisión de un delito y se detenga su uso para futuras actuaciones delictivas. *Id*.

A principios del año 2000, la Ley Núm. 32 de 14 de enero de 2000 enmendó el Art. 2 de la Ley Uniforme de Confiscaciones, *supra*, para, entre otras cosas, añadirle el inciso (C) y disponer lo siguiente:

> Naturaleza de la Acción: El resultado favorable al acusado o imputado en cualquiera de las etapas de la acción criminal no será impedimento para, ni tendrá efecto de cosa juzgada sobre, la acción

civil de confiscación, aunque ésta se base en los hechos imputados en la acción penal.

En la Exposición de Motivos de esta ley se expresó que la medida estaba encaminada a, entre otras cosas, precisar la naturaleza de la acción confiscatoria. Leyes de Puerto Rico, 2000, pág. 373. A esos efectos, se reiteró que, contrario a la acción criminal de confiscación, la acción de confiscación de naturaleza civil prevaleciente en nuestra jurisdicción es una acción *in rem*, es decir, que va dirigida contra la cosa. *Id.* "Esta confiscación se basa en la ficción legal de que la cosa es la ofensora primaria". *Id.* Por lo tanto, se reconoció que "el procedimiento *in rem* tiene existencia independiente del proceso criminal *in personam*, y no queda afectado en modo alguno por éste. *Id.* Conforme a ello, se expresó que la confiscación podría efectuarse antes de acusar a la persona, antes de que exista una declaración de culpabilidad o absolución o antes, incluso, de que se presente algún cargo criminal. *Id.*, a las págs. 372-3. Así, con el fin de hacer la Ley Uniforme de Confiscaciones "un instrumento más efectivo y preciso en la lucha contra el crimen", se enmendó el Art. 2 de la misma para excluir la aplicación de la doctrina de impedimento colateral por sentencia en casos de confiscación. *Id.*, a la pág. 374.

Posteriormente, a principios del 2003, este mismo Art. 2 de la Ley Uniforme de Confiscaciones, *supra*, fue enmendado nuevamente para eliminar el inciso (C) que añadió la Ley Núm. 32 de 2000. En la Exposición de Motivos de la

Ley Núm. 18 de 1ro de enero de 2003 que enmendó dicho artículo se expresó que la exclusión de la doctrina de impedimento colateral por sentencia mediante la Ley Núm. 32 de 2000 se realizó "sin tomar en consideración lo resuelto por el Tribunal Supremo en *[Carlo del Toro] vs. Secretario de Justicia*, 107 D.P.R. 356 (1978) y *[Del Toro Lugo] vs. E.L.A.*, [137 D.P.R. 973 (1994]". Leyes de Puerto Rico, 2003, pág.____. Se dijo además que:

> Dicha enmienda vulnera el derecho del acusado a no ser juzgado dos veces por el mismo delito y el derecho a no ser privado de su propiedad sin el debido proceso de ley y previa justa compensación. Artículo II, secciones 7, 9 y 11 de la Constitución del Estado Libre Asociado de Puerto Rico.
>
> [...]
>
> **El propósito de la presente Ley es corregir esa situación eliminando el inciso (c) del Artículo 2 de la Ley de Confiscaciones, para que se ajuste al ordenamiento jurídico vigente y sobre todo al mandato constitucional. El Artículo 2, según fue enmendado por la Ley Núm. 32 de 14 de enero de 2000, para incluir el inciso (c) va en contra de los postulados constitucionales fundamentales en una democracia. El mismo violenta el principio fundamental del proceso de confiscación: el cual es que para que una confiscación se pueda sostener le corresponde al Estado Libre Asociado demostrar que la propiedad confiscada fue utilizada en una actividad delictiva.** *Id.* (Énfasis suplido).

También se reconoció que conforme a la obligación de la Asamblea Legislativa de velar por el fiel cumplimiento de la Constitución del Estado Libre Asociado de Puerto Rico, no se podía permitir la vigencia de leyes mediante las cuales el Estado se beneficiara de sus propios actos

ilegales, en contra de las garantías constitucionales de los ciudadanos. *Id.*

B

Del historial de la Ley Uniforme de Confiscaciones de 1988 reseñado anteriormente, se desprende el propósito de la Asamblea Legislativa de darle efecto retroactivo a la Ley Núm. 18 de 2003 y así reiterar lo resuelto por este Tribunal en los casos de <u>Carlo del Toro v. Secretario de Justicia</u>, *supra*, y <u>Del Toro Lugo v. E.L.A.</u>, *supra*. En dichos casos reafirmamos el vínculo necesario en todo caso de confiscación entre la propiedad confiscada y la comisión del delito. En particular, en <u>Carlo del Toro v. Secretario de Justicia</u>, *supra*, resolvimos que la absolución del acusado luego de ventilado el juicio en su fondo "adjudica con finalidad irrevisable el hecho central, tanto del caso criminal como el de confiscación", de que el objeto confiscado no se utilizó en la comisión de delito. A la pág. 363. Es una "anomalía" resolver que el ciudadano tiene que demostrar en el procedimiento civil de confiscación que no utilizó la propiedad incautada para la comisión del delito cuando en el procedimiento criminal ello quedó demostrado. *Id.* Expresamos, de igual forma, que:

> La doctrina de impedimento colateral por sentencia exige la desestimación del segundo proceso, aun cuando tenga por objeto un delito distinto, si al resolverse el caso anterior se adjudicaron y determinaron hechos necesariamente decisivos para el segundo. No podrá disminuirse el valor y consecuencia de la sentencia absolutoria recaída sobre el hecho medular de

ambos procedimientos [que el acusado utilizó su propiedad en la comisión del delito] por lo que la confiscación debe anularse, toda vez que no puede ponérsele en riesgo de ser castigado dos veces por el mismo delito (Const., Art. II, Sec. 11), y la subsistencia de la confiscación vulneraría los preceptos constitucionales que excluyen la privación de propiedad sin debido proceso (Art. II, Sec. 7); o su toma sin mediar justa compensación (Art. II, Sec. 9). *Id*., a las págs. 363-4. (Citas omitidas).

De otra parte, en <u>Del Toro Lugo v. E.L.A.</u>, *supra*, resolvimos que no procede la confiscación cuando la determinación del tribunal de instancia de no causa probable para acusar por el delito imputado adviene final y firme sin que el Ministerio Público haya solicitado vista prelimar en alzada. A la pág. 990-2. **"[L]a determinación de no causa final y firme de un imputado constituye una determinación judicial que deja a éste libre, independientemente de si es una determinación en los méritos o no lo es."** *Id*., a la pág. 992. (Énfasis suplido). Ello debido a que la determinación <u>final y firme</u> de no causa en vista preliminar significa que el Estado no pudo demostrar la existencia de un mínimo de evidencia para apoyar la conclusión de que se cometió un delito y de que con toda probabilidad fue el imputado quien los cometió. *Id*. En ese contexto, estamos ante **una "determinación que exonera al imputado" pues el Estado no puede volver a presentar cargos criminales por los mismos hechos una vez la determinación de no causa probable para acusar adviene final y firme.** *Id*. (Énfasis suplido).

En síntesis, los referidos casos reconocen que la *absolución* en los méritos durante el juicio en su fondo; la *exoneración* del imputado al advenir final y firme la determinación de no causa probable para acusar; así como la supresión de la única evidencia incriminatoria durante el procedimiento criminal, son fundamentos suficientes para aplicar la doctrina de impedimento colateral por sentencia en el correspondiente proceso civil de confiscación y de esa manera evitar incongruencias injustificadas entre el ordenamiento criminal y el civil.

Al enmendar la Ley Uniforme de Confiscaciones mediante la Ley Núm. 18 de 2003, la Asamblea Legislativa reconoció la vigencia de esta jurisprudencia y el menoscabo de los derechos de los ciudadanos que causa la exclusión de la doctrina de impedimento colateral en casos de confiscación. *Véase*, Informe de la Comisión de lo Jurídico de la Cámara de Representantes sobre el P. De la C. 1972 de 25 de junio de 2002. El propósito de la referida Ley Núm. 18 de 2003 fue "corregir" esa situación al hacer dicha doctrina disponible en estos casos. *Id.* De esa manera se ajustó la ley al ordenamiento jurídico vigente y, según lo entendió la Asamblea Legislativa, a la Constitución del Estado Libre Asociado de Puerto Rico.

De lo anterior se colige que si la Asamblea Legislativa entendió que el inciso (C) del Art. 2 de la Ley Uniforme de Confiscaciones, *supra*, era contrario a "los postulados constitucionales fundamentales en una

democracia", su intención era restarle efectividad aún en aquellos casos cuyos hechos ocurrieron previo a la aprobación de la Ley Núm. 18 de 2003. La Asamblea Legislativa determinó al aprobar dicha ley que el inciso (C) "violenta el principio fundamental del proceso de confiscación". Por lo tanto, no podría concluirse que se propuso adjudicar las confiscaciones efectuadas después de la aprobación de la enmienda al amparo de un procedimiento que se entiende constitucionalmente correcto, mientras que las que se efectuaron previo a dicha enmienda, por suerte del momento en que ocurrieron, estén sujetas a un procedimiento que la Asamblea Legislativa entendió violaba postulados constitucionales y contradecía el principio básico de la confiscación, a saber: el nexo entre el delito y la propiedad ocupada.

No obstante lo anterior, y para despejar toda incertidumbre al respecto, la Asamblea Legislativa promulgó y la Gobernadora Hon. Sila M. Calderón aprobó la Ley Núm. 43 de 9 de enero de 2004 para aclarar que la Ley Núm. 18 de 2003, *supra*, es retroactiva al 14 de enero de 2000, fecha en que la Ley Núm. 32 de 2000 excluyó la aplicación de la doctrina de cosa juzgada en los procesos de confiscación. En la Exposición de Motivos de la Ley Núm. 43 de 2004 se dijo que:

> [...] se hace imperativo clarificar que **la intención de esta Asamblea Legislativa, al aprobar la Ley Núm. 18, *supra*, fue derogar cualquier efecto detractor que tuviera la Ley Núm. 32, *supra*, en los derechos constitucionales de las personas. <u>Esto es, que para todos los</u>**

**fines jurídicos dicha enmienda nunca existió. Por lo que, obviamente, será de aplicación a todo proceso, judicial o administrativo, que no haya advenido final y firme al momento de la aprobación de esta ley**.

Por los fundamentos que anteceden, esta Asamblea Legislativa tiene la obligación de enmendar la vigencia de la Ley Núm. 18, *supra*, para hacerla retroactiva al 14 de enero de 2000. Leyes de Puerto Rico, 2004, pág._____. (Énfasis suplido).

Sin embargo, entre diciembre de 2003 y febrero de 2004, el Procurador General presentó varias solicitudes de *certiorari* ante nos en las que planteó la misma controversia: si la enmienda del Artículo 2 de la Ley Uniforme de Confiscaciones, aprobada mediante la Ley Núm. 18 de 1 de enero de 2003, aplicaba a hechos ocurridos antes de su aprobación, es decir, si era de aplicación retroactiva.[7] Este Tribunal declaró no ha lugar todas sus solicitudes y en este caso finalmente decidimos aclarar de manera definitiva este asunto. Con la aprobación de la Ley Núm. 43 de 2004 se reitera entonces el propósito de la Asamblea Legislativa de plasmar en ley lo que los

---

[7] Desde el 29 de diciembre de 2003 hasta el 17 de febrero de 2004, el Procurador General de Puerto Rico presentó ante nuestra consideración siete (7) recursos de *certiorari* en los que plantea la misma controversia: Los cinco (5) primeros recursos ya fueron declarados sin lugar, a saber: CC-2003-977, Popular Auto, Inc. y otros v. E.L.A. y CC-2003-981, Reliable Financial Services y otros v. E.L.A, fueron declarados sin lugar mediante Resoluciones emitidas el 6 de febrero de 2004. El recurso CC-2004-41, Eduardo Otero Pagán v. E.L.A, fue declarado sin lugar, mediante resolución del 13 de febrero de 2004. Los recursos CC-2004-91, Cordero Cruz v. E.L.A. y CC-2004-92, Ángel Luis Santiago González v. E.L.A., fueron igualmente desestimados mediante Resoluciones emitidas el 5 de marzo de 2004. El CC-2004-116, Insurance Co. & Reliable Financial Services y Otro v. E.L.A., fue declarado sin lugar mediante Resolución de 12 de marzo de 2004.

tribunales venían haciendo consistentemente al darle efecto retroactivo a la Ley Núm. 18 de 2003.

Aclarada la disponibilidad de la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia a confiscaciones efectuadas previo a la aprobación de la Ley Núm. 18 de 2003, veamos su aplicación a los hechos del caso de marras.

III

La doctrina de impedimento colateral por sentencia opera "cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y determina mediante sentencia válida y final... [y] tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas". Fatach v. Triple S, Inc., 147 D.P.R. 882 (1999); *citando a* A & P Gen. Contractors v. Asoc. Caná, 110 D.P.R. 753, 762 (1981). El propósito de esta doctrina es promover la economía procesal al proteger a los litigantes contra juicios repetidos sobre la misma controversia, al evitar juicios innecesarios y al prevenir sentencias inconsistentes. A & P Gen. Contractors v. Asoc. Caná, *supra*. El fin último es evitar que la parte afectada por la doctrina relitigue asuntos que perdió en un pleito anterior. *Id.*

No obstante, la doctrina de impedimento colateral por sentencia no aplica de manera automática a procedimientos de impugnación de confiscación relacionados a los mismos hechos de una acción penal previamente adjudicada. First

Bank v. E.L.A., res. el 17 de enero de 2002, 2002 TSPR 7. Esto es debido a que dicha doctrina no afecta el hecho principal de que el proceso de confiscación es de naturaleza *in rem*, o sea, que va dirigido contra la cosa misma y no contra el dueño de la propiedad, su poseedor, encargado o cualquier otra persona con interés legal sobre la misma. *Id.*; *además*, First Bank v. E.L.A., *supra* (no aplica la doctrina cuando un pasajero del vehículo de motor confiscado hace alegación de culpabilidad por posesión de sustancias controladas a pesar de que se determina no causa probable para arresto contra el poseedor del vehículo); Carlo del Toro v. Secretario de Justicia, *supra* (la absolución del acusado luego de un juicio en sus méritos surte efecto de impedimento colateral por sentencia en el proceso de confiscación); Del Toro Lugo v. E.L.A., *supra* (la determinación de no causa probable para acusar constituye cosa juzgada en su modalidad de impedimento colateral por sentencia en el proceso de confiscación. De igual forma, la supresión de la evidencia inculpatoria en el procedimiento criminal es impedimento colateral para el proceso de confiscación).

La norma general vigente es a los efectos de que sólo surtirá efecto de impedimento colateral por sentencia en el pleito de confiscación "aquellas determinaciones judiciales en un juicio plenario que inevitablemente adjudiquen, en sus méritos, los hechos esenciales de la acción confiscatoria". Carlo del Toro v. Secretario de Justicia,

*supra*. Sin embargo, hemos reconocido de igual forma que la determinación final y firme de no causa probable para acusar y la supresión de la evidencia inculpatoria son impedimento colateral por sentencia en la acción de confiscación. Del Toro Lugo v. E.L.A., *supra*, a la pág. 990-1. **Ello, a pesar de que dichas determinaciones judiciales no constituyen una adjudicación en los méritos de la culpabilidad o inocencia del imputado. No procede la confiscación bajo estas circunstancias porque no existe el elemento esencial de la conexión de la propiedad confiscada y su utilización en, o procedencia de, la comisión de delito.** *Id.*, a la pág. 991. En ambos casos, al advenir final y firme la determinación del tribunal, el imputado queda "exonerado" del delito imputado en la denuncia original y libre de todo procedimiento judicial en cuanto al mismo delito. *Id.* Esta norma tiene el propósito de evitar incongruencias injustificadas entre el ordenamiento criminal y el civil. *Id.*

En el caso de autos, las denuncias contra la señora Suárez Morales fueron desestimadas por incumplimiento con los términos de juicio rápido en la etapa de vista de determinación de causa probable para acusar. De entrada valga distinguir este caso de nuestros pronunciamientos en Del Toro Lugo, *supra*, y Carlo del Toro, *supra*, en cuanto a que en éstos últimos hubo una adjudicación por parte del tribunal sobre la suficiencia de la prueba, la cual advino final y firme. De esa manera, se agotaron las oportunidades

del Estado de procesar nuevamente por la vía criminal al imputado. Empero, en el caso ante nos, al haberse desestimado las denuncias por violación a los términos de juicio rápido, el Estado podría volver a presentar acusaciones conforme a la Regla 67 de Procedimiento Criminal, *supra*, sujeto a las limitaciones del término prescriptivo.

No obstante lo anterior, en este caso el Ministerio Público no solicitó vista preliminar en alzada y la desestimación de los cargos advino final y firme. Tampoco solicitó reconsideración. Aunque en este caso no hubo una adjudicación en los "méritos" sobre la culpabilidad o inocencia de la señora Suárez Morales, la desestimación de las denuncias en su contra la exoneró del delito imputado. Ello en vista de que el Estado no solicitó reconsideración, no acudió en alzada, ni ha mostrado interés ostensible alguno en volver a presentar denuncias a pesar del período de tiempo razonable que ha transcurrido desde la desestimación. Todavía más, de las circunstancias totales aquí presentes se desprende la dejadez o falta de interés del Estado para encausar criminalmente a Suárez Morales. A la fecha han transcurrido aproximadamente dos (2) años y medio desde la desestimación del caso criminal y no hay indicios de que se volverá a denunciar. No podemos sancionar este proceder pues estaríamos promoviendo un estado de indefensión en perjuicio de la persona que por falta de diligencia del Estado no es procesada

oportunamente y, como consecuencia de ello, tiene que tolerar que se limite la disponibilidad de defensas en el caso de confiscación.

No procede el argumento del Procurador General en cuanto a que la doctrina de impedimento colateral por sentencia no aplica al caso de autos porque la desestimación de los cargos criminales por juicio rápido no es final y firme ya que el Ministerio Público puede volver a presentar denuncias conforme a la Regla 67 de Procedimiento Criminal. En el caso de autos la desestimación de las denuncias ciertamente advino final y firme. Una sentencia es "final" cuando el tribunal ha resuelto todas las cuestiones planteadas, y contra la cual cualquier parte podría interponer recurso de apelación dentro del término dispuesto para ello en el ordenamiento procesal vigente. De otra parte, una sentencia "final y firme" es aquella contra la cual no cabe recurso de apelación debido a que transcurrió el referido término para solicitar apelación y/o por razón de que, radicado el recurso de apelación, el tribunal apelativo confirmó la misma y los términos de reconsideración ya transcurrieron. Bolívar v. Aldrey, 12 D.P.R. 273 (1907).

En el caso ante nos, la desestimación de los cargos criminales contra la señora Suárez Morales es final y firme pues desde la fecha en que el tribunal de instancia emitió el fallo desestimatorio a la fecha en que se declaró ha lugar la impugnación de la confiscación había transcurrido

aproximadamente año y medio. Mas aun, a la fecha de hoy han pasado aproximadamente dos (2) años y medio sin que se haya denunciado nuevamente. Tampoco se alega ante nos la existencia de algún esfuerzo por parte del Ministerio Público para presentar nuevas denuncias. Aunque si bien es cierto que podrían presentarse denuncias nuevamente contra la señora Suárez Morales por los mismos delitos conforme la Regla 67 de Procedimiento Criminal, también es cierto que no se hizo y la exoneración de Suárez Morales mediante la desestimación de las denuncias la liberó del proceso criminal en su contra. La posibilidad de un nuevo proceso criminal no es suficiente para sostener el vínculo necesario entre la propiedad ocupada y la comisión del delito en casos como el de marras, cuando ha transcurrido un período de tiempo más que razonable desde la desestimación de las acusaciones sin que el Estado indique de alguna manera su intención de acusar nuevamente.

Desde la desestimación de los cargos criminales en este caso han transcurrido cerca de dos (2) años y medio y el Estado no ha demostrado indicios de comenzar un nuevo proceso criminal contra la señora Suárez Morales. Sólo se limita a alegar su facultad legal para hacerlo y de esa manera excluir la doctrina de impedimento colateral por sentencia en el caso de autos. En estas circunstancias, no se debe sancionar la actuación del Estado de mantener a una persona mortificada por la amenaza de un segundo proceso criminal durante años y a la vez, por ese mismo fundamento,

limitarle las posibilidades de defender su propiedad en el procedimiento de confiscación. Al así actuar y dilatar el proceso criminal, el Estado excluye totalmente la posibilidad de que se obtenga una absolución o exoneración en el ámbito penal con la consecuencia de que el propietario de la cosa ocupada sí podría entonces interponer la doctrina de impedimento colateral por sentencia en el proceso de confiscación.

Lo contrario implicaría posibles resultados inconsistentes entre el procedimiento criminal y el civil pues de no progresar los cargos criminales en un segundo proceso, tendríamos al Estado confiscando propiedad de una persona que posteriormente ha sido absuelta o exonerada del delito imputado, *o contra la cual no se presenten nuevas denuncias, como ocurrió en el caso de autos*. Debemos tener presente que las confiscaciones no son favorecidas por los tribunales y que los estatutos que las autorizan deben interpretarse restrictivamente de manera que dicho proceso sea consistente con la justicia y los dictados de la razón. Carlo del Toro v. Secretario de Justicia, *supra*; Del Toro Lugo v. E.L.A., *supra*; Pueblo v. González Cortés, 95 D.P.R. 164 (1967). Afín con lo anterior, la tendencia en nuestra jurisdicción ha sido hacía la atenuación de la severidad de la confiscación. General Accident Ins. Co. V. E.L.A., 137 D.P.R. 466 (1994); Del Toro Lugo v. E.L.A, *supra*.

De otra parte, podría darse el caso en que luego de adjudicado el pleito de impugnación de la confiscación, el

Ministerio Público presente nuevas acusaciones según se dispone en la Regla 67 de Procedimiento Criminal, y la persona acusada resulte convicta. No obstante, no debe penalizarse al propietario de la cosa ocupada con la exclusión de la doctrina de cosa juzgada en procesos de confiscación, cuando fue precisamente por falta de diligencia del Estado en el trámite del proceso criminal que se obtuvo un resultado favorable a dicho propietario. Se estaría beneficiando doblemente al Estado por su incumplimiento con los términos de juicio rápido: no sólo podría volver a presentar nuevas acusaciones o denuncias sino que también excluiría del proceso de confiscación la aplicación de la doctrina de cosa juzgada. Ello, a pesar de que el Estado mismo provocó la desestimación de los cargos criminales con la consecuencia de que además de sujetar al imputado al trajín de un segundo proceso criminal, tiene la ventaja de excluir un importante fundamento para impugnar la acción de confiscación.

IV

En resumen, resolvemos que procede declarar ha lugar la demanda de impugnación de confiscación presentada en el caso de autos por la señora Suárez Morales a la luz de la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia.

Por los fundamentos que anteceden, se expide el auto de *certiorari* y se confirma la decisión del Tribunal de Apelaciones.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Milagros Suárez Morales

   Recurrida

   v.                                    CC-2004-113        Certiorari

Estado Libre Asociado de
Puerto Rico

   Peticionario

SENTENCIA

San Juan, Puerto Rico, a 28 de mayo de 2004.

Por los fundamentos expuestos anteriormente, los cuales se hacen formar parte integral de la presente, se confirma la decisión del Tribunal de Apelaciones y se declara con lugar la demanda de impugnación de confiscación presentada en el caso de autos por la Sra. Milagros Suárez Morales.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez concurre sin opinión escrita.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo