*672 TEXTO COMPLETO DE LA SENTENCIA
En el presente caso, el Sr. Luis E. Hernández Rivera (en adelante peticionario), solicita revisión de una resolución y orden dictada por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante T.P.I.) el 15 de julio de 2009 y notificada el 22 de julio de 2009. Se solicitó reconsideración el 29 de julio de 2009, la cual fue acogida por el T.P.I. en esa misma fecha y resuelta el 3 de agosto de 2009 mediante No Ha Lugar.
Luego de evaluar la petición de referencia, resolvemos DENEGAR la expedición del auto de Certiorari solicitado. Exponemos.
I
La génesis de este caso surge de un reclamo que le hiciera el Consejo de Titulares del Condominio Danza del Sol (en adelante recurrida) al peticionario para el pago de unas primas de seguro comunal correspondientes a su apartamento número 307 en dicho condominio Danza del Sol, ubicado en Joyudas, Cabo Rojo. Inicialmente se le hizo llegar una factura por $19,916.04 correspondientes a los años 1999 - 2003. Luego se le reclamó el pago de la prima correspondiente al año 2004. El peticionario radicó la querella Núm. 500004863 ante el Departamento de Asuntos del Consumidor (en adelante DACO). Mediante ésta impugnó la referida factura alegando que nunca fue notificado de que tuviera que pagar tales primas. También alegó que en los Estados Financieros del Condominio no aparecía dicha cuenta en el renglón de “cuentas por cobrar”. Por último, alegó que dicha deuda no aparecía en el Presupuesto del Condominio como deuda por cobrar. Impugnó que el Condominio lo estuviese amenazando con desconectarle los servicios de agua y luz.
El DACO celebró vista sobre la querella. El 20 de julio de 2004 emitió resolución ordenando al peticionario al pago de $7,256.98 por concepto de la prima del seguro correspondiente a los años 1999 - 2003, además de pagar el año 2004. Inconforme con este dictamen, el aquí peticionario lo impugnó ante el Tribunal de Apelaciones (KLRA-2004-00753). Mediante Sentencia de 31 de enero de 2005, este foro confirmó la resolución recurrida, reconociendo la procedencia en derecho del reclamo de la deuda de $7,256.98 por concepto de las primas de seguro no pagadas por el querellante, aquí peticionario, y la decisión del Consejo de Condómines querellado de suspender los servicios de agua y luz.
Inconforme con este dictamen, el querellante peticionario acudió en Certiorari ante el Tribunal Supremo de Puerto Rico, que se negó a expedir el Certiorari presentado, mediante resolución de 20 de mayo de 2005. Igualmente denegó la reconsideración mediante resolución de 24 de junio de 2005.
Posteriormente, el 18 de noviembre de 2005, el aquí peticionario presentó la querella 100030131 ante DACO contra el Consejo de Titulares del Condominio Danza del Sol, cuestionando el cómputo de la deuda reclamada en su contra y el corte de servicios de agua y luz. DACO dictó una resolución el 22 de mayo de 2006, en la cual sostuvo la procedencia de la deuda y determinó que le aplican los intereses y recargos que establece la Ley de Condominios, computados desde el momento en que vencía la obligación. También determinó que el Consejo de Titulares está facultado a cobrarle al querellante, ante el tribunal, la triple *673 penalidad que establece el Artículo 39 de la Ley de Condominios por una reconexión ilegal.
Dicha determinación fue impugnada ante el Tribunal de Apelaciones en el caso KLRA-2006-00815. Este foro dictó Sentencia el 26 de octubre de 2007, sosteniendo todas las determinaciones de DACO, tanto en el reclamo de la deuda de seguro comunal como en la aplicación de intereses y recargos sobre dicha deuda del seguro comunal, y la penalidad de triple daño por la conexión ilegal de luz.
El querellante solicitó reconsideración y el Tribunal de Apelaciones se la denegó en fecha 25 de enero de 2008. Éste acudió ante el Tribunal Supremo y dicho foro le denegó el Certiorari presentado mediante resolución de 5 de junio de 2008.
Mientras se daban estos desarrollos apelativos, el Consejo de Titulares del Condominio Danza del Sol presentó demanda el 4 de diciembre de 2006, en Cobro de Dinero contra el aquí peticionario. Reclamó el pago de la deuda por concepto de primas del seguro comunal, el reclamo de la conexión ilegal de energía eléctrica y la consecuente penalidad por su actuación ilegal, consistente en el pago de tres veces la suma adeudada, de conformidad con el Artículo 39 de la Ley de Condominios (31 L.P.R.A. 1293(c)).
Posteriormente se enmendó la demanda para incluir una solicitud de interdicto porque el demandado se negó a dar mantenimiento a su unidad de aire acondicionado, de manera que su unidad no derramara aguas hacia el apartamento inferior. El demandado presentó su contestación a la demanda, y a la demanda enmendada e instó una reconvención contra el demandante por persecución maliciosa y libelo. Mediante informe conjunto, las partes plantearon que existían controversias susceptibles de resolverse por la vía de sentencia sumaria. Este informe fue discutido en la conferencia con antelación al juicio celebrada el 15 de diciembre de 2008.
La parte demandante planteó la aplicación de la doctrina de cosa juzgada. La parte demandada solicitó el recómputo de los intereses y las penalidades adeudadas por las primas de seguro comunal del condominio. Además, solicitó que se eliminara la imposición de la triple penalidad que dispone el Artículo 39 de la Ley de Condominios.
Evaluados los argumentos de las partes, el T.P.I. dictó resolución y orden el 15 de julio de 2009, notificada el 22 de julio de 2009. En su Sentencia, el T.P.I. aplicó de la doctrina de cosa juzgada al caso de autos. También concluyó que DACO actuó correctamente en su resolución a la querella en que decretó la procedencia del pago de triple penalidad según dispuesta en el Artículo 39 de la Ley de Condominios, pero refirió a la parte demandante al tribunal para que reclamara el cobro de la misma. Determinó, además, que el hecho de que el demandado hubiese sido exonerado del cargo criminal por robo de luz no incide sobre las determinaciones previas de DACO o del Tribunal de Apelaciones sobre la imposición de la triple penalidad. El T.P.I. dispuso que el demandado viene obligado a pagar triple penalidad de la cantidad adeudada al primero de diciembre de 2005, la cual ascendía a $13,270.12, lo que produce una penalidad de $39,810.36. Señaló Conferencia con Antelación al Juicio para el 1ro. de diciembre de 2009.
Inconforme con el referido dictamen, comparece ante nos el demandado-peticionario planteando tres señalamientos de error:
“1. Si procede ordenar al demandado-recurrente a pagar la cantidad de $13,270.12 al 1ro. de diciembre de 2005 (cantidad que el demandado desconoce como se computó) y la procedencia de la triple penalidad cuando el demandado pagó el 6 de diciembre de 2005 la cantidad de $7,256.98, mediante cheque oficial entregado al Administrador, el cual nunca fue devuelto al demandante-recurrente.
2. Si procede aplicar intereses y penalidades desde el vencimiento de la deuda, cuando nunca la parte demandante-recurrida notificó factura alguna al demandado-recurrente por concepto de deudas de primas de *674 seguro entre los años 1999-2004 y que no fue hasta el 20 de julio de 2004 que el DACO determinó la cuantía adeudada de $7,256.98.
3. Si procede cobrar intereses y penalidades desde el vencimiento de la deuda por concepto de primas de seguro cuando esta deuda ni figuraba en los estados financieros del condominio ni en su presupuesto para haber tenido conocimiento el demandado-recurrente.”
n
Derecho Aplicable
A. La Doctrina de Cosa Juzgada
La presunción de cosa juzgada se dispone en el Artículo 1204 del Código Civil, 31 L.P.R.A. 3343. El efecto de la cosa juzgada es impedir que en un pleito posterior se litiguen cuestiones que pudieron haber sido litigados o adjudicados en un pleito anterior. Parrilla v. Rodríguez y otros, 163 D.P.R. 263 (2004); Mercado Riera v. Mercado Riera, 100 D.P.R. 940, 950 (1972); Isaac Sánchez v. Universal C.I.T. Credit, 95 D.P.R. 372, 382 (1967). La doctrina de cosa juzgada está fundamentada en el interés del Estado de poner fin a los litigios y evitar que se someta a un ciudadano a las molestias que supone litigar la misma causa en más de una ocasión. Zambrana v. Tribunal Superior, 100 D.P.R. 179,181 (1971); Pérez v. Bauzá, 83 D.P.R. 220, 225 (1961). Asimismo, promueve la economía judicial y administrativa, impide litigios innecesarios y evita decisiones inconsistentes. Rodríguez Rodríguez v. Colberg Comas, 131 D.P.R. 212, 218 (1992).
La doctrina de cosa juzgada sólo puede aplicarse si concurre la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad conque lo fueron. Art. 1204 del Código Civil, supra; Suárez Morales v. E.L.A., 162 D.P.R. 43 (2004); Fatach v. Triple S., Inc. 147 D.P.R. 882 (1999); A&P Gen. Contractors v. Asoc. Caná, 110 D.P.R. 753, 762 (1981).
La doctrina de cosa juzgada también es de aplicación en los procesos administrativos en las siguientes vertientes: dentro de una misma agencia, de una agencia a otra y entre las agencias y los tribunales. Mun. de San Juan v. Bosque Real, S.E., 158 D.P.R. 743, 770 (2003); Pagán Hernández v. U.P.R., 107 D.P.R. 720, 733 (1978).
De ordinario, la adjudicación final de una agencia administrativa en el ejercicio válido de su jurisdicción, goza del carácter de cosa juzgada cuando alguna de las partes intenta relitigar en el foro judicial la misma controversia. Rodríguez Oyola v. Machado Díaz, 136 D.P.R. 250, 253 (1994). No obstante, su aplicación no es automática ni absoluta en el campo del derecho administrativo. Mun. San Juan v. Bosque Real, S.E., supra. Su aplicación depende de la naturaleza de las controversias planteadas, entre las cuales están los casos donde se dilucidan consideraciones de orden público. Acevedo v. Western Digital Caribe, Inc. 140 D.P.R. 452, 465-466 (1996).
B. Lev de Condominios v la obligación de contribuir a los gastos conmines v la triple penalidad del Artí culo 39.
Los titulares de un apartamento sujeto al régimen de propiedad horizontal tienen el deber especial de contribuir con los gastos comunes. Michel Godreau, El Condominio: El Régimen de Propiedad Horizontal en Puerto Rico, San Juan, Editorial Dictum, 1992, pág. 153.
Los gastos comunes que pagarán los titulares será de acuerdo al porcentaje de participación de cada apartamento, mediante el pago de cuotas de mantenimiento y según lo acuerde el Consejo de Titulares. Lo anterior surge del Artículo 15(f) de la Ley de Condominios, Ley 103 de 5 de abril de 2003, 31 L.P.R.A. 1291m, *675 el cual dispone:
“Todo titular deberá contribuir con arreglo al porcentaje de participación fijado a su apartamento en la escritura de constitución,... a los gastos comunes para el adecuado sostenimiento del inmueble, sus servicios, tributos, cargas y responsabilidades, incluidas las derramas, primas de seguros, el fondo de reserva, o cualquier otro gasto debidamente aprobado por el Consejo de Titulares.”
La cuota de mantenimiento, en un inmueble sometido al régimen, tiene la función de preservar en las mejores condiciones los elementos comunes, facilitar su uso y garantizar el buen funcionamiento. Asoc. C. Quadrangle Med. Ctr. v. Ramírez, 154 D.P.R. 699, 708 (2001); Maldonado v. Consejo de Titulares, 111 D.P.R. 427, 430 (1981). El incumplimiento de la aportación a los gastos comunes tiene el efecto de amenazar la preservación y la buena administración del inmueble sometido al régimen. Asoc. de Condómines v. Naviera, 106 D.P.R. 88, 91 (1977).
En vista de la importancia que tiene el pago de los gastos comunes para el sostenimiento del inmueble, el legislador dispuso la imposición de penalidades a aquellos titulares que incumplen con su pago. Entre las consecuencias del incumplimiento, se dispone que las cuotas que no se satisfagan dentro del plazo determinado para su pago, devengarán intereses al tipo máximo legal y en aquellos casos donde el titular tenga un atraso en el pago de tres o más plazos, se añadirá una penalidad adicional equivalente al uno por ciento mensual del total adeudado. Artículo 39 de la Ley 103 de 5 de abril de 2003, 31 L.P.R.A. 1293c. El Reglamento del condominio también podrá establecer el cobro de una penalidad de diez por ciento de lo adecuado por el titular si transcurren quince días de la fecha determinada para el pago de la mensualidad. Artículo 39, supra.
Así mismo, se permite que la Junta de Directores suspenda los servicios de agua, energía eléctrica, gas, teléfono, entre otros, a un apartamento cuando el titular no efectúa el pago de la cuota de mantenimiento, derrama o de su parte proporcional del seguro comunal, en el término establecido por la Ley o por el Reglamento del condominio. Artículo 38 (i) de la Ley 103 de 5 de abril de 2003, 31 L.P.R.A. 1293b (1) (2007). Si un titular u ocupante, a quien se le suspendieron los servicios, se reconecta sin autorización de la Junta de Directores o del Administrador, o de cualquier otra forma se sirva ilegalmente de las facilidades comunes de las cuales ha sido privado, se le imputará una penalidad ascendente al triple de las sumas adeudadas, incluidos el principal y los intereses, sin perjuicio de las acciones civiles, administrativas, o criminales que procedan. Artículo 39, supra.
ni
En la presente petición de Certiorari, el peticionario levanta por tercera vez los mismos planteamientos que ya fueron adjudicados mediante Resolución Administrativa o Sentencias de Tribunales a saber:
“1. Si procede el reclamo de la deuda de $13,270.12 al 1ro. de diciembre de 2005.
2. El hecho de que éste pagó al demandante la cantidad de $7,256.98, mediante cheque oficial entregado al Administrador y la retención de éste que constituye aceptación de pago.
3. La imposición de intereses y penalidades desde el 20 de julio de 2004, fecha en que se ordenó pagar hasta el 6 de diciembre de 2005, fecha en que se efectuó el pago.
4. La procedencia de la penalidad de triple daño.”
La Sentencia emitida por este Tribunal de Apelaciones, el 26 de octubre de 2007, en el caso KLRA-2006-00815, ya resolvió las cuestiones planteadas. En ésta, este Tribunal sostuvo la Resolución sumaria emitida por DACO el 20 de julio de 2004, en el caso 50004863. En ésta se ordenó al demandado a pagar la cantidad de *676 $7,251.98 por la proporción de las primas del seguro comunal atrasadas de los anos 1999, 2000, 2001, 2002 y 2003, así como la prima correspondiente al año 2004.
Dicha resolución ya había sido confirmada por este Tribunal de Apelaciones en el recurso de revisión judicial KLRA-2004-00753. También fue sostenida mediante denegatoria a expedir solicitud de Certiorari por el Tribunal Supremo, mediante resolución de 24 de junio de 2005.
La Sentencia de este Tribunal de 26 de octubre de 2007 también sostuvo la resolución de DACO en la querella Núm. 100030131 de 27 de mayo de 2006. En ésta, DACO concluyó que la Junta de Directores del Condominio podía cobrar intereses y penalidades a lo adeudado del seguro comunal, “computados desde que venció la obligación de pagar el seguro correspondiente a cada año.” También que la conexión realizada por el querellante Hernández Rivera al receptáculo del pasillo fue ilegal, por lo que procedía imponerle la penalidad triple de las sumas adeudadas incluyendo principal e intereses. Finalmente, este Tribunal determinó en su Sentencia la aplicación de la doctrina de cosa juzgada al caso de autos y la no aplicación de la doctrina de aceptación en finiquito.
Es pertinente señalar, que el aquí peticionario recurrió de la Sentencia de este Tribunal de 26 de octubre de 2007 ante el Tribunal Supremo de Puerto Rico, el cual denegó la expedición del auto de Certiorari solicitado, mediante Resolución de 5 de junio de 2008.
Finalmente, el T.P.I., Sala Superior de Mayagüez, ante una demanda en Cobro de Dinero e Injunction presentada por la parte aquí recurrida, dictó resolución y orden decretando la aplicación de la doctrina de cosa juzgada al caso de autos, sosteniendo la procedencia de la deuda de las primas del seguro comunal atrasadas, de 1999 a 2004; la conexión ilegal de luz del demandado, aquí peticionario, y la procedencia del cobro de penalidad triple bajo el Artículo 39 de la Ley de Condominios, a la deuda acumulada al 1ro. de diciembre de 1005 que ascendía a $13,270.12, produciendo una triple penalidad de $39,810.36.
En todas las decisiones administrativas del Tribunal de Primera Instancia y del Tribunal de Apelaciones, ha habido perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad en que lo fueron. Artículo 1204 del Código Civil, supra; Suárez Morales v. E.L.A., 162 D.P.R. 43, (2004); Fatach v. Triple S, Inc., 147 D.P.R. 882 (1999); A & P General Contractors v. Asoc. Caná, supra.
Por tanto, resolvemos que a la petición de autos aplica la doctrina de cosa juzgada y que los señalamientos levantados por la parte peticionaria en el presente recurso ya fueron adjudicados en su contra, tanto en el ámbito administrativo como en el ámbito judicial, por lo que no ameritan nuestra revisión.
IV
Por los fundamentos anteriormente expresados, se DENIEGA la expedición del auto de Certiorari solicitado.
Notifíquese.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
Lie. Dimarie Alicea Lozada Secretaria del Tribunal de Apelaciones